Nicolas Swerdloff (swerdlof@hugheshubbard.com)
John Fellas (fellas@hugheshubbard.com)
Russell W. Jacobs (jacobsr@hugheshubbard.com)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

GRAMERCY ARGENTINA OPPORTUNITY FUND
LTD., GRAMERCY EMERGING MARKETS FUND
and PARTNERS GROUP ALTERNATIVE
STRATEGIES PCC LIMITED BLUE KAPPA CELL,

                    Plaintiffs,

     -against-

THE REPUBLIC OF ARGENTINA,

                    Defendant.

------------------------------------------------------------ x

08 CV

**COMPLAINT**

       Gramercy Argentina Opportunity Fund, Ltd. ("GAOF"), Gramercy Emerging Markets Fund ("GEMF") and Partners Group Alternative Strategies PCC Limited Blue Kappa Cell ("Partners") (collectively, "Plaintiffs"), by their attorneys, Hughes Hubbard & Reed LLP, for their Complaint allege as follows:

### Nature of Action

    1.    This is an action for breach of contract seeking over 40 million Euros (currently approximately $64.5 million) in principal, plus interest, owed under certain notes issued by defendant the Republic of Argentina (the "Republic"). The case is simple: (i) Plaintiffs are the

beneficial owners of the notes; (ii) the Republic has failed to make any payments of principal or interest on those notes, even though due and payable, since 2001; (iii) this failure constitutes a default under the governing instruments; and (iv) Plaintiffs sent letters to the successor to the Trustee advising that they were initiating this action. Indeed, this Court has repeatedly entered judgment against the Republic for defaulting on debt held by other beneficial owners in circumstances identical to those here. *See, e.g., Franceschi v. Republic of Argentina*, No. 03 Civ. 4693, 2006 WL 2528460 (S.D.N.Y. Aug. 31, 2006); *Lightwater Corp. Ltd. v. Republic of Argentina*, No. 02 Civ. 3804, 2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003). Judgment should be similarly entered against the Republic and in favor of Plaintiffs in this case.

### The Parties

2. Plaintiff GAOF is a limited company organized and existing under the laws of the Cayman Islands with a principal place of business in the Cayman Islands.

3. Plaintiff GEMF is a limited company organized and existing under the laws of the Cayman Islands with a principal place of business in the Cayman Islands.

4. Plaintiff Partners is a protected cell company limited by shares organized and existing under the laws of Guernsey with a principal place of business in Guernsey.

5. Defendant the Republic is a foreign state as defined in 28 U.S.C. § 1603(a).

### Jurisdiction

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1330.

7. Venue is proper in this district by consent of the defendant and pursuant to 28 U.S.C. § 1391(f).

### The Notes

8. GAOF is the beneficial owner of certain notes (the "GAOF Notes"), all issued by the Republic pursuant to the Trust Deed dated as of July 27, 1993 (the "Trust Deed"), as

supplemented by the 10th Supplemental Trust Deed dated May 26, 1998 (among other documents), and Terms and Conditions of the Notes dated as of July 27, 1993 (the "Terms"), as part of the Republic's U.S.$11,000,000,000 Euro Medium-Term Note Programme (the "EMTN Programme"), in the following amounts and having the following identification codes, maturity dates, and interest rates:

| Plaintiff | Note Description | Principal Amount | ISIN | Maturity Date | Coupon |
|---|---|---|---|---|---|
| GAOF | 2005 Notes | €17,461,000.00 | USP8055KFQ33 | May 24, 2005 | 9% |

9.  GEMF is the beneficial owner of certain notes (the "GEMF Notes"), all issued by the Republic pursuant to the Trust Deed, the Terms, and a pricing supplement, as part of the EMTN Programme, in the following amounts and having the following identification codes, maturity dates, and interest rates:

| Plaintiff | Note Description | Principal Amount | ISIN | Maturity Date | Coupon |
|---|---|---|---|---|---|
| GEMF | 2005 Notes | €21,374,000.00 | USP8055KFQ33 | May 24, 2005 | 9% |
| GEMF | 2011 Notes | €300,000.00 | US04011NAM02 | May 28, 2011 | N/A |

10. Partners is the beneficial owner of certain notes (the "Partners Notes," together with the GAOF Notes and the GEMF Notes, the "EMTN Notes"), issued by the Republic pursuant to the Trust Deed, the Terms, and a pricing supplement, as part of the Republic's EMTN Programme, in the following amount and having the following identification codes, maturity date, and interest rate:

| Plaintiff | Description | Principal Amount | ISIN | Maturity Date | Coupon |
|---|---|---|---|---|---|
| Partners | 2005 Notes | €1,800,000 | USP8055KFQ33 | May 24, 2005 | 9% |

11.  Section 10 of the Terms defines the following, *inter alia*, as "Events of Default:"

(a) *Non-Payment:* the Republic fails to pay any principal (or Amortised Face Amount) of any of the Notes when due and payable or fails to pay any interest on any of the Notes when due and payable and such failure continues for a period of 30 days; . . .

(Terms at p. 46.)

12.  The Republic has failed to pay interest and principal on the EMTN Notes, even though due and payable, since 2001.

13.  By reason of the foregoing, there has been an Event of Default on the EMTN Notes, and the Republic is in breach of its obligations to GAOF, GEMF and Partners. This default is continuing.

14.  By notice dated May 29, 2007, The Bank of New York, the successor to the Trustee with respect to the Notes, advised that the Notes had been "declared immediately due and payable by the [t]rustee or its predecessors." The Bank of New York also advised, however, that it "does not intend to take any action against the Republic to enforce the terms of the Trust Deed, the Notes and the Coupons" even though "[t]he Republic has shown no intention of honouring the demands for payment made by the [t]rustee and its predecessors... ."

15.  By letters dated May 22, 2008, GAOF, GEMF and Partners advised The Bank of New York Mellon, the new name of the successor to the Trustee with respect to the EMTN Notes, that they were initiating this action, given that The Bank of New York Mellon, while

4

acknowledging that the EMTN Notes had been declared immediately due and payable, admitted that it had no intention of initiating any action against the Republic on such notes.

16. Upon information and belief, the Bank of New York Mellon has not commenced proceedings against the Republic.

17. Pursuant to sections 17.2-17.4 of the Trust Deed, the Republic (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

18. By reason of the foregoing, the Republic has breached its contractual obligations to GAOF, GEMF and Partners and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT ONE
### Default On The GAOF 2005 Notes

19. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-18 as if set forth here at length.

20. As set forth above, GAOF acquired notes (the "GAOF 2005 Notes") with the principal amount of €17,461,000.00, identified by ISIN USP8055KFQ33, and continues to own those notes.

21. As set forth above, the Republic has failed to make payments of interest and principal on the GAOF 2005 Notes, even though due and payable, since 2001.

22. As set forth above, there has been an Event of Default on the GAOF 2005 Notes, and the Republic is in breach of its obligations under the Trust Deed and the Terms.

23. By reason of the foregoing, the Republic has breached its contractual obligations and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT TWO
### Default On The GEMF 2005 Notes

24. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1-23 as if set forth here at length.

25. As set forth above, GEMF acquired notes (the "GEMF 2005 Notes") with the principal amount of €21,374,000.00, identified by ISIN USP8055KFQ33, and continues to own those notes.

26. As set forth above, the Republic has failed to make payments of interest and principal on the GEMF 2005 Notes, even though due and payable, since 2001.

27. As set forth above, there has been an Event of Default on the GEMF 2005 Notes, and the Republic is in breach of its obligations under the Trust Deed and the Terms.

28. By reason of the foregoing, the Republic has breached its contractual obligations and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT THREE
### Default On The GEMF 2011 Notes

29. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1-28 as if set forth here at length.

30. As set forth above, GEMF acquired notes (the "GEMF 2011 Notes") with the principal amount of €300,000.00, identified by ISIN US04011NAM02, and continues to own those notes.

31. As set forth above, the Republic has failed to make payments of interest and principal on the GEMF 2011 Notes, even though due and payable, since 2001.

32. As set forth above, there has been an Event of Default on the GEMF 2011 Notes, and the Republic is in breach of its obligations under the Trust Deed and the Terms.

00287714_2.doc

## COUNT FOUR
### Default On The Partners 2005 Notes

33. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1-32 as if set forth here at length.

34. As set forth above, Partners acquired notes (the "Partners 2005 Notes") with the principal amount of €1,800,000.00, identified by ISIN USP8055KFQ33, and continues to own those notes.

35. As set forth above, the Republic has failed to make payments of interest and principal on the Partners 2005 Notes, even though due and payable, since 2001.

36. As set forth above, there has been an Event of Default on the Partners 2005 Notes, and the Republic is in breach of its obligations under the Trust Deed and the Terms.

37. By reason of the foregoing, the Republic has breached its contractual obligations and is liable for damages in an amount to be determined at trial, plus interest.

38. By reason of the foregoing, the Republic has breached its contractual obligations and is liable for damages in an amount to be determined at trial, plus interest.

WHEREFORE, Plaintiffs demand judgment as follows:

    i. On Count One, awarding GAOF damages against the Republic in an amount to be determined, plus interest;

    ii. On Count Two, awarding GEMF damages against the Republic in an amount to be determined, plus interest;

    iii. On Count Three, awarding GEMF damages against the Republic in an amount to be determined, plus interest;

    iv. On Count Four, awarding Partners damages against the Republic in an amount to be determined, plus interest;

v.  Awarding Plaintiffs costs, prejudgment interest, attorneys' fees and such other and additional relief as the Court deems just and proper.

Dated: New York, New York
May 22, 2008

HUGHES HUBBARD & REED LLP

By: *[signature: Russell W. Jacobs /WJs]*
Nicolas Swerdloff (swerdlof@hugheshubbard.com)
John Fellas (fellas@hugheshubbard.com)
Russell W. Jacobs (jacobsr@hugheshubbard.com)
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Plaintiffs*